IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PATRICK JONES and DIANE JONES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 15-CV-249-NJR-SCW |
| | ) | |
| APPLE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Defendant Apple, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Docs. 22 and 23) and Request for Judicial Notice (Doc. 24). For the reasons set forth below, the Court grants the Motion to Dismiss and denies as moot the Request for Judicial Notice.

### FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs Patrick Jones and Diane Jones ("Plaintiffs"), on behalf of themselves and a class of similarly situated consumers, assert breach of warranty claims against Defendant Apple, Inc. ("Apple") related to a defect in the Apple iPhone 4S that caused its network indicator to inaccurately reflect that it was capable of operating as a 4G device (Doc. 18, p. 2). The First Amended Complaint alleges that this 4G status icon appeared on iPhone 4S devices that were connected to AT&T's HSPA network (*Id*.). Plaintiffs allege that the iPhone 4S is defective because it lacks materials (including a 4G-capable broadband chip) and workmanship essential to the proper use described in

the User Guide (Doc. 18, p. 7). Plaintiffs assert claims for breach of express warranty under the Illinois Uniform Commercial Code ("UCC") and the Magnuson-Moss Warranty Act ("MMWA") (Doc. 18, p. 14-16).

According to Plaintiffs' First Amended Complaint, the International Telecommunications Union is a specialized agency of the United Nations that coordinates the shared global use of the radio spectrum and sets international cellular and radio standards and exclusively creates and propagates the standards for the generation designation of mobile devices, including the generations referred to and marketed as "3G" and "4G" technologies (Doc. 18, p. 5). Plaintiffs allege that "the higher the G designation, the faster the transmission speed" (Doc. 18, p. 1). In 2008, the Radio communications sector of the International Telecommunication Union ("ITU-R") issued the standard for 4G designation, known as IMT-Advanced (Doc. 18, p. 5). Plaintiffs allege that the IMT-Advanced standard for 4G designation is only theoretical to date in the United States, and "[n]o mobile device or cellular network available to consumers in this country has met the IMT-Advanced standard." (*Id*.). On December 6, 2010, the ITU-R issued a press release stating that some "evolved 3G technologies" could also be recognized as 4G in certain circumstances, even though they did not satisfy the IMT-Advanced 4G standard:

> Following a detailed evaluation against stringent technical and operational criteria, ITU has determined that "LTE-Advanced" and "WirelessMAN-Advanced" should be accorded the official designation of IMT-Advanced. As the most advanced technologies currently defined for global wireless mobile broadband communications, IMT-Advanced is considered as "4G", although it is recognized that this term, while undefined, may also be applied to the forerunners of these technologies, LTE and WiMax, and to other evolved 3G technologies providing a

> substantial level of improvement in performance and capabilities with respect to the initial third generation systems now deployed.

(*Id.*, p. 6).

In July 2013, Plaintiffs purchased their iPhone 4Ss at a store in Collinsville, Illinois (Doc. 18, p. 4). Apple first released the iPhone 4S on October 14, 2011 (Doc. 18, p. 1). Plaintiffs allege that when the iPhone 4S was released, Apple represented that the iPhone 4S was a 3G device and the Apple User Guide indicated that the 3G network was the most advanced cellular network over which the iPhone 4S could connect (*Id.*). On March 7, 2012, Apple updated its iPhone software and published a new User Guide (Doc. 18, p. 2). Plaintiffs allege that this new User Guide represents that the iPhone 4S is a 4G device because the User Guide states the following:

> [The status icon] 4G . . . shows . . . that your carrier's 4G UMTS (GSM) network is available, and iPhone can connect to the Internet over that network. (iPhone 4S only. Not available in all areas.).

(*Id.*). Plaintiffs allege that the iPhone 4S is not a 4G device according to the standards set forth by the International Telecommunications Union, or by any standard (*Id.*).

On March 6, 2015, Plaintiffs wrote a letter to Apple's Warranty Department stating that "their iPhone 4S did 'not operate as a 4G mobile device' for a number of reasons and requested that Apple either 'repair the iPhone 4S so that it functions as a 4G phone or provide a refund [.]'" (Doc. 18, p. 10; Doc. 18-2). Plaintiffs noted in the letter that they were writing on behalf of a class of similarly situated individuals in Illinois (*Id.*). On March 17, 2015, Apple Customer Care responded in writing stating "[w]e understand you have a technical problem with your iPhone," but "Apple does not currently provide technical support through written correspondence." (Doc. 18, p. 10).

Apple then advised Plaintiffs to consider various other options for obtaining service and support, which included contacting an 800 number for AppleCare iPhone Technical Support (*Id.*).

On August 22, 2015, Plaintiff Patrick Jones called the 800 number and complained about his iPhone 4S's failure to operate as a 4G device (*Id.*). The Apple representative who answered the 800 call told Mr. Jones to remove certain malware from his iPhone 4S (*Id.*, p. 11).

On March 6, 2015, the same day that Plaintiffs sent a letter to Apple's Warranty Department, Plaintiffs filed suit in this district court. Plaintiffs' original complaint asserted claims of consumer fraud, common law fraudulent omission, and unjust enrichment (Doc. 1). The case was originally assigned to Judge J. Phil Gilbert. On March 10, 2015, the case was reassigned to the undersigned. On August 27, 2015, Plaintiffs filed a First Amended Complaint, dropping their fraud claims and asserting claims for breach of express warranty under the UCC (Count I) and the MMWA (Count II).

On September 28, 2015, Apple filed a Motion to Dismiss Plaintiffs' First Amended Complaint (Docs. 22 & 23) and a Request for Judicial Notice (Doc. 24). The motions have been fully briefed and are ripe for ruling.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not include detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." *Id.* at 555. The plaintiff must "plead [] factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "In reviewing the sufficiency of a complaint under the plausibility standard, [a court must] accept the well-pleaded facts in the complaint as true, but [it] 'need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). When ruling on a motion to dismiss, a federal court may consider documents attached to the pleadings without converting the motion to dismiss into a motion for summary judgment, as long as the documents are referred to in the complaint and central to the plaintiff's claims. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); FED. R. CIV. P. 10(c).

## ANALYSIS

The first issue the Court will take up is pre-suit notice. Apple argues that Plaintiffs' warranty claims must be dismissed because Plaintiffs did not provide Apple with requisite notice of the alleged breaches before filing their original complaint.

The Uniform Commercial Code, as adopted by Illinois, requires that a plaintiff provide the defendant with notice of the breach of warranty "within a reasonable time after [the plaintiff] discovers or should have discovered any breach" or else the plaintiff is "barred from any remedy." 810 ILCS 5/2-607(3)(a). Courts have applied this provision to require that a plaintiff give the defendant pre-suit notice before asserting a breach of warranty claim in court. *In re Rust-Oleum Restore Marketing, Sales Practices and Products*

*Liability Litigation,* No. 15 C 1364, 2016 WL 74671, at *18 (N.D. Ill. Jan. 7, 2016) (citing *Connick v. Suzuki Motor Corp.*, 675 N.E.2d 584, 589 (Ill. 1996)). Similarly, the MMWA provides that the defendant must be given "a reasonable opportunity to cure." 15 U.S.C. § 2310(2). Courts generally incorporate the relevant state law requirements on pre-suit notice for MMWA claims. *See Perona v. Volkswagen of Am., Inc.*, 684 N.E.2d 859, 864 (1997); *see also Bietsch v. Sergeant's Pet Care Products, Inc.*, No. 15 C 5432, 2016 WL 1011512, at *7 (N.D. Ill. March 15, 2016).

The pre-suit notice requirement is supported by a number of justifications: to protect a seller's ability to investigate a breach and gather evidence, to allow the seller to correct the defect or minimize damages, to allow the seller to prepare for litigation, to prevent stale claims, and to encourage pre-suit settlement negotiations. *See In re McDonald's French Fries Litigation*, 503 F. Supp. 2d 953, 956 (N.D. Ill. 2007); *see also Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 760 (N.D. Ill. 2015); *Whitwell v. Wal-Mart Stores, Inc.*, Civil No. 09-513-GPM, 2009 WL 4894575, at *4 (S.D. Ill. Dec. 11, 2009); *Baldwin v. Star Scientific, Inc.*, No. 14 C 588, 2016 WL 397290, at *10 (N.D. Ill. Feb. 2, 2016). "Pre-suit notice is an essential element of a breach of warranty claim, and the absence of such notice results in dismissal." *Hedges v. Earth*, No. 14 C 9858, 2015 WL 1843029, at *1 (N.D. Ill. Apr. 21, 2015) (citing *Whitwell*, 2009 WL 4894575, at *4-6).

Plaintiffs allege that they notified Apple of the defect in the iPhone 4S on March 6, 2015, when they wrote a letter to Apple's Warranty Department. Plaintiffs filed suit that same day. Apple argues that, because this letter was sent on the same day that the lawsuit was filed, the letter cannot serve as pre-suit notice of the breach of warranty

claims. Plaintiffs argue in response that they delayed having the complaint served upon Apple until June 19, 2015, and thus Apple had over three months in which to try to resolve Plaintiffs' claims short of litigation. Thus, Plaintiffs argue that they satisfied the purpose of the pre-suit notice requirement.

Plaintiffs do not cite to any precedent, however, that directly supports their proposition that notice on the same day of filing the complaint--but prior to service of such complaint on defendant--is sufficient pre-suit notice. Instead, case law states that "[Section 2-607(3)(a)] requires a plaintiff to notify the defendant of the claimed deficiency in its product ***prior to filing suit***." *Anthony v. Country Life Manuf., LLC*, 70 F. App'x 379, 384 (7th Cir. 2003) (emphasis added) (citing *Connick*, 675 N.E.2d at 590). The notice must issue prior to filing suit; the requirement cannot be satisfied after litigation has already begun. The notice provided in this case did not serve the purpose of encouraging *pre-suit* settlement negotiations because the lawsuit began on the same day that Plaintiffs sent notice to Apple. Thus, the Court does not find that Plaintiffs satisfied the pre-suit notice requirement.[1] *See Adkins v. Apple, Inc.*, 147 F. Supp. 3d 913, 920 (N.D Cal. 2014) (the court found the letter to defendant Apple did not constitute pre-suit notice because "it was filed contemporaneously with the plaintiffs' original complaint.").

---

[1] Although this issue was not raised by Plaintiffs in their response brief, the Court notes that Plaintiffs sent the letter to Apple five months before Plaintiffs filed their First Amended Complaint, which added breach of warranty claims for the first time. At least two other judges have considered this scenario and have found that the pre-suit notice requirement was not satisfied. *See, e.g.*, *Adkins*, 147 F. Supp. 3d at 920-921; *see also Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 929 (N.D. Cal. 2012). These judges reasoned that the plaintiffs had not indicated that their warranty claims were based on facts discovered after filing suit and thus allowing the plaintiffs to assert warranty claims without first giving the defendants notice would "invite gamesmanship by plaintiffs who know they want to assert a warranty claim but want to avoid giving defendant notice before filing suit." *See Donohue*, 871 F. Supp. 2d at 929. The Court agrees with this line of reasoning. Here, Plaintiffs have not indicated that their warranty claims are based on facts discovered after they first filed suit. Further, finding sufficient pre-suit notice in this situation would invite improper gamesmanship.

Plaintiffs further argue that they should be excused from the pre-suit notice requirement because Apple had actual knowledge of the defect. Actual knowledge is a commonly recognized exception to the pre-suit notice requirement. *See Connick*, 675 N.E.2d at 589 ("Direct notice is not required when . . . the seller has actual knowledge of the defect of the particular product . . . ."). Plaintiffs argue that Apple had actual knowledge that every iPhone 4S suffered from the same defect (*i.e.* lacked the ability to operate as 4G under ITU standards or any standard), and thus Apple must have known that the specific iPhone 4Ss sold to Plaintiffs also had the defect. Apple argues that, although Apple knew that the iPhone 4S lacked the ability to operate as a 4G device, Apple was entirely unaware of Plaintiffs' *claim* that this constituted a breach of warranty. Instead, Apple argues that the iPhone 4S performed as described in the User Guide by displaying a 4G status icon when the 4G UMTS network was available and the iPhone 4S could connect to the Internet over that network.

The Illinois Supreme Court in *Connick* explained the actual knowledge exception as follows: "The notice of the breach is not of the facts, which the seller presumably knows quite well, if not better than, the buyer, but of *buyer's claim* that they constitute a breach." *Connick*, 675 N.E.2d at 590 (quoting *Am. Mfg. Co. v. United States Shipping Bd. Emergency Fleet Corp.*, 7 F.2d 565, 566 (2d. Cir. 1925)) (internal quotation marks omitted). "Even if a manufacturer is aware of problems with a particular product line, the notice requirement of Section 2-607 is satisfied only where the manufacturer is somehow apprised of the trouble with the particular product purchased by a particular buyer." *Connick,* 675 N.E.2d at 590.

Plaintiffs have pleaded that Apple had "actual knowledge that the iPhone 4S is not a 4G device." (Doc. 18, p. 8). But Plaintiffs have not pleaded that Apple had actual knowledge that Plaintiffs believed that the inability of the iPhone 4S to operate as a 4G phone under ITU standards or any standard constituted a breach of warranty. As stated above, the notice of the breach required is not of the facts, but of "the buyer's claim that they constitute a breach." *Connick*, 675 N.E.2d at 590. Nothing in the User Guide's description of the 4G status icon--as alleged in the First Amended Complaint--makes any reference to ITU standards, nor does it make any reference to transmitting at 4G speeds.[2] Thus, Plaintiffs have not alleged sufficient facts to suggest that Apple had actual knowledge of the claimed breach of warranty.

Plaintiffs have failed to comply with the pre-suit notice requirement, so the breach of warranty claims will be dismissed with prejudice. *See Ibarrola*, 83 F. Supp. 3d at 761 (dismissing breach of warranty claim with prejudice for failing to provide pre-suit notice); *see also Miller v. Hypoguard USA, Inc.*, No. 05-CV-0186-DRH, 2005 WL 3481542, at *2 (S.D. Ill. Dec. 20, 2005) (dismissing breach of warranty claim with prejudice for failing to provide pre-suit notice). Because the Court finds that Plaintiffs' failure to give pre-suit notice warrants dismissal of Plaintiffs' warranty claims under Illinois and federal law, the Court need not address the question of whether the User Guide can give rise to warranty obligations or whether Plaintiffs' allegations state warranty claims under the Illinois Uniform Commercial Code and Magnuson-Moss Warranty Act.

---

[2] Instead, the User Guide merely states that the 4G UMTS (GSM) network is available, and the iPhone 4S can connect to the Internet over that network (Doc. 18, p. 2).

## CONCLUSION

For the reasons explained above, Defendant Apple, Inc.'s Motion to Dismiss (Doc. 22) is **GRANTED.** In light of this, Apple's Request for Judicial Notice (Doc. 24) is **DENIED as moot**. The case is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED:   August 22, 2016

                                                              s/ Nancy J. Rosenstengel_____
                                                              **NANCY J. ROSENSTENGEL**
                                                              **United States District Judge**